■ CROCE DI DONATO V. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.— Motion granted to the extent of printing in the record on appeal only the following: Article II, Paragraph 5, Article VIII, Paragraph 27, to the extent of the first sentence thereof, and Article XI in full of plaintiff's Exhibit 1; Exhibit A in full; and the article entitled "Increase Sick Benefit Dues and Services" on page 9 of Exhibit B. The originals of said exhibits are to be filed with this court on or before the Wednesday preceding the first day of the term for which the appeal is noticed for argument. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.

■ In the Matter of CHARLES KREINDLER, v. JUDY BOND, INC.— Motion for a stay denied, with $10 costs. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. VICTOR GARCIA.— Assignment of Anthony F. Marra, Esq., as counsel for defendant-appellant, contained in the order of this court entered on June 26, 1962, is vacated and John C. Oram, Jr., Esq., of 247 Park Ave., New York, N. Y., is assigned as counsel for defendant-appellant in the place and stead of Anthony F. Marra, Esq. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ SAXON PAPER CORPORATION V. F. & R. HOLDING CORPORATION.— Motion for a stay denied. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

———

### (November 29, 1962)

■ JAWDAT N. KHURI, Appellant, v. M. W. KELLOGG COMPANY, Respondent. — Order, entered on May 8, 1962, denying plaintiff's motion, in renewal, for an order permitting plaintiff to examine one Roop Sahni, as a witness, for the purpose of framing a complaint, unanimously reversed on the law, the facts, and in the exercise of discretion, with $20 costs and disbursements to plaintiff-appellant, and the motion granted, with $10 costs. Since the prior appeal (13 A D 2d 633), plaintiff has examined defendant by its employee and has obtained defendant's version of the oral remarks made to the prospective witness, Mr. Sahni, as well as the disclosure of a letter sent by defendant to the prospective witness. But plaintiff claims that the examination of the defendant failed to reveal all of the remarks allegedly made to Mr. Sahni. Plaintiff has sufficiently demonstrated that there may have been additional oral communications, denied by defendant's employee, which were unfavorable to plaintiff and accounted for the refusal to recommend him for employment. Since it now appears that he may obtain information concerning those remarks only from the witness Sahni, an examination should be allowed. Allowing an examination for the purpose of framing a complaint is an extraordinary remedy. However, in an action for defamation this court suggested such a possibility, where plaintiff was circumscribed by the smallness of the group knowing the allegedly offending remarks and the plaintiff had no such knowledge (*Langert* v. *Scalamandre,* 9 A D 2d 647). Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.